THE CHICAGO AND ALTON RAILROAD COMPANY

*v.*

NANNIE FLAHERTY.

*Opinion filed April 24, 1903.*

1. APPEALS AND ERRORS—*controverted questions of fact not reviewable by Supreme Court in suit at law.* Controverted questions of fact in suits at law are settled by the judgment of the Appellate Court, and are not reviewable by the Supreme Court.

2. EVIDENCE—*when conversation with brakeman is admissible against company.* A conversation with a brakeman as to the time a passenger would have to get off and get a ticket and as to her getting on the train after it had started is admissible against the company, where the evidence shows the starting of the train was within the scope of the brakeman's authority.

*Chicago and Alton R. R. Co.* v. *Flaherty*, 105 Ill. App. 14, affirmed.

APPEAL from the Appellate Court for the Third District;—heard in that court on appeal from the Circuit Court of Macoupin county; the Hon. ROBERT B. SHIRLEY, Judge, presiding.

PATTON & PATTON, (WILLIAM BROWN, of counsel,) for appellant.

' DAVID E. KEEFE, and PEEBLES & PEEBLES, for appellee.

Mr. Justice Cartwright delivered the opinion of the court:

In the evening of November 1, 1898, at Carlinville, the appellee, Nannie Flaherty, became a passenger on the appellant's railroad. Her destination was Miles, the fourth station south of Carlinville. She had no ticket, and there was a controversy between her and the conductor over the payment of ten cents above the price of a ticket, which the conductor insisted she must pay. The altercation ended by her paying forty-one cents fare to Plainview, the second station south of Carlinville. On the arrival of the train at Plainview she got off and hastened into the station to buy a ticket to Miles. The ticket agent was not in the office and she came back to the door to see if he was on the platform, when she saw the brakeman give a signal with his lantern for the train to start. She hurried to the train, and in attempting to get aboard fell or was thrown down between the platform and the track and was injured. She brought this suit to recover damages on account of her injuries and obtained a judgment, which has been affirmed by the Appellate Court.

The argument for a reversal of the judgment of the Appellate Court is almost wholly upon the proposition that the plaintiff was not corroborated in her version of the affair, but was contradicted by the other witnesses who testified in the case, and that the clear preponderance of the evidence was in favor of the defendant. We do not review judgments of the Appellate Court in cases of this character upon controverted questions of fact, and all such questions have been conclusively settled by that judgment.

The only ruling of the trial court which is alleged to have been erroneous is the admission, over the objection of the defendant, of evidence as to a conversation of the plaintiff with the brakeman. The conductor testified that the cash fare to Plainview included the extra ten

cents, but plaintiff testified that she did not understand she was paying any extra fare to Plainview, and that the conductor told her she could get off there and get a ticket and would have time to get one. Her testimony which was objected to was, that when she left the coach and was going down the steps she told the brakeman she had orders from the conductor to get a ticket and asked him if she would have time, to which he replied that she would, and that they would wait until she got the ticket. She also testified that when she came back she told the brakeman she must get on that train, and he told her to get on. The objection to this evidence is, that the conductor is the agent of the railroad company in the charge, control and management of the train, and that the office of brakeman does not confer either actual or apparent authority to govern the movements of the train or make agreements with passengers. The conductor was at the baggage car, not giving any attention to passengers, and the brakeman was stationed at the steps of the coach, where passengers got on and off the train. The brakeman testified that it was his duty, when he found everything in readiness to start, to give a signal to the conductor, and that the train would not start until he gave the signal. The train was started by the signal to the conductor from the lantern of the brakeman, and the conductor then signaled the engineer to start. The evidence proved that the starting of the train was within the control of the brakeman, and that the time of starting was not only within the apparent, but also the actual, scope of his authority. The court did not err in admitting the evidence.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*